STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS.
 EXECUTIVE DEPARTMENT, | 
Providence, October 6, 1858. |
GENTLEMEN: — Availing myself of the provisions of the constitution of this state, (article 10, section 3,) I submit for your consideration and advisement, a communication which was handed me yesterday, at my residence, by a young man who stated "it was sent from General Pitman's office." You will observe it involves questions of my official duties, and of a *Page 599 
legal nature. It arises from my executive action, in deciding (according to the best of my judgment and conscientious convictions,) the seniority of rank of Generals Greene and Gould; and as will more fully appear, from a perusal of the accompanying printed copy of the official correspondence upon this subject.
The following inquiries are respectfully submitted: —
Has the commander-in-chief the power to declare from the "Roster" in the adjutant-general's department, the seniority of rank, or duties of any officer, in the case of vacancies, sickness, or absence, as provided for in the Revised Statutes, chapter 233, section 20?
If not, by whom shall this declaration be made, and in what manner, either in times of actual service or peace?
Shall the application of General Gould, for a court martial, be recognized and allowed by the commander-in-chief, or should this application be made upon "his immediate superior officer," as required by section 11, chapter 239, (who, in this case, as by the return of the adjutant-general, is General Greene,) as the senior brigadier-general?
Does the word effectual, in section 11, chapter 239, mean or imply, that a simple application for a court martial can or does restore an officer to his commission, when that has been revoked or cancelled previous to any action by a court martial?
What is the condition of an officer, upon the revocation and cancelling of his commission, and prior to the decision of a court martial?
 With sentiments of esteem, I am very respectfully yours,
 (Signed) ELISHA DYER. To the Honorable Justices of the Supreme Court of Rhode Island.
PROVIDENCE, October 7, 1858.
To His Excellency, ELISHA DYER, Governor, c.
SIR: — Your communication of the 6th instant has been received and considered by us; and, in answer to the several questions therein proposed, we are of opinion: — *Page 600 
 First. That you have, as commander-in-chief, the right officially to declare, and by action to carry out, your judgment upon the question, which of the brigadier-generals is entitled, as next in rank, to perform the duties of major-general, in case of the resignation of that officer, or of a vacancy from any cause, in his office. By chapter 234, section 16, of the Revised Statutes, this question of rank is settled by the dates of the respective commissions of the brigadiers, and admits of no complexity. The brigadier-general, acting as such, under the oldest commission, succeeds, in case of vacancy, to the duties of the major-generalship, notwithstanding a court, military or civil, might, on account of his misconduct, or of some secret vice in his title as brigadier, deprive him, or adjudge that he had deprived himself, of said office. This being, in our opinion, the law, the declaration of your Excellency could, of course, conclude no one to the contrary. We cannot conceive, however, that your action can, under any circumstances, be seriously embarrassed, in case of such vacancy; since, by chapter 233, section 20, of the Revised Statutes, to which you refer us, you may appoint any one to fill the vacancy until the same shall be filled by a regular election.
Second. By the express words of chapter 239, sections 10 and 11, of the Revised Statutes, the demand of General Gould, for information of the cause of his discharge and for a court martial, must, to save his commission revoked by your Excellency, he made of his immediate superior, within ten days after notice of the revocation. You have decided, and, in our opinion, if General Greene, at the time, held and was acting under the older brigadier's commission, rightly decided, that he was the immediate superior of General Gould; and the latter, unless he make the above demand in the mode, and within the time required by the statute, will not be entitled, by way of appeal from the revocation of his commission, to a court martial. The calling of such a court is imperative upon you, only upon compliance, by the applicant, with the terms by law prescribed.
Third. Should a court martial be properly demanded by General Gould, the demand will render ineffectual your revocation of his commission; but, as in order to his trial by such court, he will be ordered under arrest, the arrest will suspend *Page 601 
him from command, until he be restored thereto through the action of the court.
We are, very respectfully,
Your obedient servants,
 SAMUEL AMES, GEO. A. BRAYTON, ALFRED BOSWORTH. Judge Shearman is absent from the state. S.A. *Page 602 

 APPENDIX III.
 DECISIONS
 OF JUDGES OF THE SUPREME COURT, ON APPEALS TO THE SCHOOL
 COMMISSIONER.